UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DAVID S. HASTINGS, individually and
as successor in interest to Remedy
Neutraceuticals Inc. Promissory Note
dated May 22, 2012

       Plaintiff,

v.                                   Case No.: 2:19-cv-817-FtM-38NPM

U.S. BANK NATIONAL
ASSOCIATION,

       Defendant.
_____/

### **ORDER**[1]

Before the Court is a *sua sponte* review of the file. Proceeding pro se, Plaintiff David Hastings filed a "Motion to Set Aside Judgment of Foreclosure Pursuant to Florida Rules of Civil Procedure 1.540(b)(3)" (Doc. 1). In state court, Defendant U.S. Bank National Association obtained a final foreclosure judgment. Hastings appealed that judgment, but the state appellate court dismissed the appeal. Now, Hastings asks this Court to set aside the state-court judgment. He alleges U.S. Bank lacked standing and committed fraud on the state court, leading to a flawed final judgment.

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink stops working or directs the user to some other site does not affect the opinion of the Court.

To begin, there is no complaint here. Instead, Hastings filed this Motion. (Doc. 1). Because Hastings is pro se and the Motion resembles a pleading, however, the Court construes this as a complaint. *See, e.g.*, *Smith v. McDonough*, No. 3:07-cv-546-J-32HTS, 2007 WL 1796264, at *3 (M.D. Fla. June 20, 2007) (construing a pro se plaintiff's motion as a complaint).

Federal courts have limited jurisdiction and must inquire into jurisdiction *sua sponte* whenever it may be lacking. See *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "[W]ithout jurisdiction the court cannot proceed at all." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) (citation omitted). District courts have jurisdiction over federal questions and diversity cases. 28 U.S.C. §§ 1331; 1332.

There are several jurisdictional issues here.

First, the Complaint pleads federal question jurisdiction. A federal question must appear on the face of a well-pleaded complaint for jurisdiction to exist. *E.g.*, *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 830-31 (2002). But Hastings does not raise a federal question. So there is no federal question jurisdiction. At the end, the Complaint mentions in passing that U.S. Bank violated Hastings' due process rights. (Doc. 1 at 10-11). But due process claims require state action. And U.S. Bank is not a state actor.

Second, the complaint pleads diversity jurisdiction.[2] Hastings alleges he is a citizen of California and Oregon. Yet an individual can be domiciled only in one state. *E.g.*, *Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1346 (11th Cir. 2011)

---

[2] The Complaint incorrectly pleads diversity under 28 U.S.C. § 1343. So the Court construes this as a pleading for diversity under 28 U.S.C. § 1332.

2

("Every individual has but one domicile and is a citizen of only one state."). Hastings also identifies U.S. Bank as "a nationwide banking institution with its corporate headquarters in Minnesota." (Doc. 1 at 2). That is not enough. "A corporation is a citizen of both the state of its incorporation and the state where it has its principal place of business." *Lee v. Am. Equity Inv. Life Ins.*, No. 2:18-cv-648-FtM-99MRM, 2019 WL 448353, at *1 (M.D. Fla. Feb. 5, 2019) (citing *Hertz Corp. v. Friend*, 559 U.S. 77, 130 (2010)). Because the Complaint does not identify U.S. Bank's state of incorporation, it has not shown complete diversity of the parties.

What is more, the Complaint asks this Court to set aside a state-court judgment under Florida Rule of Civil Procedure 1.540. Leaving aside the fact that a federal court cannot simply set aside a state-court judgment, Florida law does not allow "a cause of action for fraud on the court under Rule 1.540 in a court that is different from the one in which the fraud was committed." *Manzaro v. D'Alessandro*, 229 So. 3d 843, 845 (Fla. Dist. Ct. App. 2017) (quoting *Fla. Evergreen Foliage v. E.I. Dupont De Nemours & Co.*, 336 F. Supp. 2d 1239, 1272 (S.D. Fla. 2004)). Simply put, the relief Hastings seeks here "must be brought in the court where the fraud was purportedly committed." *Id.*

For those reasons, the Court dismisses the Complaint for lack of subject-matter jurisdiction. But the Court allows Hastings one chance to amend. However, the Court notes Hastings never paid the filing fee. If Hastings chooses to refile, he must also pay the filing fee or move to proceed *in forma pauperis*.

Accordingly, it is now

**ORDERED:**

1. The Complaint (Doc. 1) is **DISMISSED without prejudice**.

2. Plaintiff may **FILE** an amended complaint **on or before November 29, 2019**, in accordance with this Order. If so, Plaintiff must pay the filing fee or file a motion to proceed *in forma pauperis*. **The failure to respond will result in the Court closing this case without further notice**.

**DONE** and **ORDERED** in Fort Myers, Florida this 15th day of November, 2019.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record